UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE DUNBAR,<br><br>        Plaintiff,<br><br>    v.<br><br>G. DARRETT, et al.,<br><br>        Defendants. | Case No. 23-cv-00906-AMO (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIM; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM; STAYING ACTION; AND DIRECTIONS TO CLERK** |

## I.  BACKGROUND

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights complaint for damages under 42 U.S.C. § 1983 alleging use of excessive force by sixteen PSBP prison officials. Dkt. 1. Plaintiff specifically alleges that on January 6, 2023, correctional officers G. Darrett, J. Frawley, C. Contreras, J. Garcia, J. Taylor, A. Shaad, J. Frannz, E. Gonzalez, S. Webber, D. Sandoval, J. Johnson, R. Pedroza, A. Kauffman, V. Becker; and Sergeants K. Gisler and A. Harris, either used excessive force against him or failed to intervene during the use of excessive force. *Id.* at 7-9.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

Venue is proper because the events giving rise to plaintiff's claims in his complaint are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.  DISCUSSION

### A.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Legal Claims

According to the complaint, at approximately 7:50 a.m. on January 6, 2023, defendant Becker advised plaintiff that he was needed inside the A5 building office. Dkt. 1 at 7. Once inside, defendant Darrett informed plaintiff he was to move cells from C-Section 228 to A-Section 101. *Id*. Plaintiff, on his way to collect his things, grabbed a trash bag off a nearby locker after being told by defendant Darrett to use a bedsheet. *Id*. Defendant Darrett rushed out of the office and confronted plaintiff, yelling for him to "drop the fucking bag, and get the fuck to the cell." *Id*. Plaintiff asked for an inmate grievance ("602 inmate appeal" or "602"), and defendant Darrett again ordered him to get to the cell. *Id*. Once plaintiff collected his things, he reminded defendant Darrett to bring the 602s. *Id*. Defendant Darrett, agitated, rushed towards plaintiff and said "who the fuck is [sic] you telling me what to do?" *Id*. After plaintiff asked him politely not to disrespect him and "run up on [him]," defendant Darrett replied "I'm running up on you, what the fuck you want to do?" *Id*. Plaintiff said to defendant Darrett that it looks like he wanted to fight him, to which defendant Darrett replied "I am, what[']s up motherfucker?" *Id*. Plaintiff said "ok" and said they should go to his cell if they wanted to fight one on one. *Id.*

Once inside the cell, defendant Darrett stood inside with plaintiff and defendant Frawley, who was watching while standing in front of the cell. *Id*. Defendant Becker watched from the control booth, and neither of the two officers watching did anything to stop the impending fight.

*Id.* at 8.

Defendant Darrett yelled at plaintiff and said "Do something." *Id*. Plaintiff replied, "You do something first, I'm not stupid." *Id*. Defendant Darrett swung his fist at plaintiff, which plaintiff dodged and, out of fear and self-defense, he punched back. *Id*. Defendant Darrett fell into the back wall, and plaintiff punched him three more times. *Id*. Defendant Frawley was screaming for plaintiff to stop and out of fear of being shot by the control officer, plaintiff walked past defendant Frawley who was inside the cell. *Id*. Plaintiff saw a group of officers running towards him and laid in the prone position with his hands behind his back. *Id*. Defendant Darrett jumped on his back and placed him in handcuffs and began punching plaintiff's face and the back of his head, telling plaintiff that he "hit like a bitch." *Id*. Defendants Contreras, Garcia, Taylor, Shaad, Franz, Gonzalez, Webber, Sandoval, Johnson, Frawley, Gisler, Harris, and Pedroza began to "punch, kick and stomp" on plaintiff's "neck, face, back, head and shoulders." *Id*. The officers choked plaintiff unconscious until his face and head were slammed into the floor. *Id*. The officers berated plaintiff, saying that he had it coming, and that they were going to fuck him up, and defendant Harris said "we should go in your ass, I bet you're used to taking it in the ass." *Id*. Defendant Gisler responded, "Yes, he takes it in the ass." *Id*. After being brought to his feet, defendant Harris kneed him in the left side of his jaw, splitting and busting plaintiff's mouth open. *Id*. Once on his feet, plaintiff's right eye was swelled shut and his left eye could only barely open, and it was very blurry. *Id*. He spit out the blood from his mouth, and the officers slammed him back into the ground and began to beat him again. *Id*. Defendant Kauffman said the spit hit him and joined the other officers in kicking, punching, and beating plaintiff. *Id*. A spit hood was placed over plaintiff's bloody, swollen head and eyes. *Id.* at 8-9.

On the way outside of the building, plaintiff was once more thrown against the ground and assaulted by officers. *Id.* at 9. The officers did not let medical get involved, and in fact took medical equipment from the medical staff. *Id*. They themselves strapped him into a gurney and dropped the gurney on the ground, shattering plaintiff's wrist. *Id*. As plaintiff was pushed on a stretcher, an officer punched him in the nose. *Id*. Plaintiff heard defendant Gisler say "I bet you don't look so good now, huh? You look fucked." *Id.*

Plaintiff lists his injuries as follows:

3

> Abrasions, bleeding, bruised, discoloration, lacerations, scars, pain, swollen, reddened area to [the] face, head, shoulders, back and legs. Knees and wrist also. Emotional distress, PTSD, anxiety, and depression.

*Id*.

It is well established that whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Liberally construed, plaintiff's allegations appear to state a cognizable claim under § 1983 for use of excessive force in violation of the Eighth Amendment against defendants Darrett, Kauffman, Contreras, Garcia, Taylor, Shaad, Franz, Gonzalez, Webber, Sandoval, Johnson, Frawley, Gisler, Harris, and Pedroza, who plaintiff specifically listed as making harmful contact with him during the altercation(s). Plaintiff specifically names defendant Becker, who was at the control booth, as witnesses to the incident and has stated a cognizable failure to intervene claim against this defendant.

### C. Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings.[1] Accordingly, the Court hereby REFERS this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this Order is

---

[1] The Court notes that plaintiff previously filed another pending action, *Dunbar v. Dahlberg, et al.*, Case No. 23-cv-00905-YGR (PR), which was reassigned to the undersigned after Magistrate Judge Sallie Kim found that the complaint stated a cognizable claim under § 1983 for use of excessive force in violation of the Eighth Amendment against the named correctional officers. *See* Dkts. 1, 9 in Case No. 23-cv-00905-YGR (PR). The Court notes that Case No. 23-cv-00905-YGR (PR) is still in its early stages as no dispositive motion has been filed yet. Upon the Court's review of the excessive force claims in both actions, it now finds that it would be in the best interests of all parties and of the Court for the parties to make a concerted effort to see if there could be a resolution of all the cases together through a global settlement process. Thus, the Court will be issuing an order referring Case No. 23-cv-00905-YGR (PR) to Magistrate Judge Illman for global settlement proceedings.

1  filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit.  Magistrate Judge
2  Illman shall coordinate a place, time and date for one or more settlement conferences with all
3  interested parties and/or their representatives and, within ten (10) days after the conclusion of all
4  settlement proceedings, shall file with the Court a report thereon.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following defendant(s) shall be served:

   a. G. Darrett, correctional officer at PBSP;
   b. J. Frawley, correctional officer at PBSP;
   c. C. Contreras, correctional officer at PBSP;
   d. J. Garcia, correctional officer at PBSP;
   e. J. Taylor, correctional officer at PBSP;
   f. A. Shaad, correctional officer at PBSP;
   g. J. Frannz, correctional officer at PBSP;
   h. E. Gonzalez, correctional officer at PBSP;
   i. S. Webber, correctional officer at PBSP;
   j. D. Sandoval, correctional officer at PBSP;
   k. J. Johnson, correctional officer at PBSP;
   l. R. Pedroza, correctional officer at PBSP;
   m. A. Kauffman, correctional officer at PBSP;
   n. V. Becker, correctional officer at PBSP;
   o. K. Gisler, correctional sergeant at PBSP; and
   p. E. Kauffman, correctional officer at PBSP.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying

magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The Clerk shall serve by mail a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

6. In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named defendants against whom plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case is not settled, the Court will enter a scheduling order for further proceedings.

**IT IS SO ORDERED.**

Dated: August 7, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

cc: Magistrate Judge Robert M. Illman